IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MERCURY INSURANCE COMPANY OF GEORGIA, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 1:13-CV-179(WLS) |
| EDWARD JONES, JOEANN JONES, and PAMELA HOVELAND, | : : : | |
| Defendants. | : : | |

## ORDER

Presently before the Court is Defendant Pamela Hoveland's Motion for Summary Judgment. (Doc. 22.) For the following reasons, Defendant's Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

On November 14, 2013, Plaintiff Mercury Insurance Company of Georgia ("Mercury") filed a complaint interpleading Defendants Edward and Joeann Jones (hereinafter collectively referred to as "Joneses") and Defendant Pamela Hoveland ("Hoveland") pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1332. (Doc. 1.) Therein, Plaintiff moves the Court to resolve the "respective rights of defendants to certain monies now held by Mercury and which Mercury asks this Court to allow it to pay into the registry of" the Court. (*Id.* at ¶ 1.) On January 3, 2014, Hoveland answered Plaintiff's complaint. (Doc. 10.) On January 6, 2014, the Joneses answered Plaintiff's Complaint. (Doc. 11.) On February 7, 2014, in accordance with Federal Rules of Civil Procedure 22 and 67, the Court granted Plaintiff's Complaint for Interpleader, allowed for the $102,141.79 in insurance proceeds to be deposited in an interest-bearing account by the

1

Clerk of Court, and discharged Plaintiff from any liability.[1] (Doc. 16.) On August 19, 2014, Hoveland filed the pending Motion for Summary Judgment. (Doc. 22.) Hoveland's Motion asserts that as first lienholder to 225 Virginia Circle, Cairo, Georgia, the property at issue, she is due the $102,141.79 in proceeds deposited with the Court. Consistent with the Court's normal practice in cases with *pro se* litigants, on January 16, 2015, the Joneses were notified of Hoveland's Motion for Summary Judgment and advised of their responsibilities as a result. (Doc. 27.) The Joneses were also granted an additional twenty-one (21) days to respond to Hoveland's Motion. (*Id.*) On February 5, 2015, the Joneses filed a response letter requesting a court date to respond to Hoveland's Motion for Summary Judgment instead of filing a written response complying with the rules and laws of the Court. (Doc. 28.) On March 3, 2015, the Court denied the Joneses' request for a hearing and determined that Hoveland's Motion for Summary Judgment was ripe for review. (Doc. 30.) The Joneses have not filed any further response to Hoveland's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

### I. Federal Rule of Civil Procedure 56

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment when a party contends no genuine issue of material fact remains and the party is entitled to judgment as a matter of law. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 Fed. App'x 842, 847

---

[1] As a preliminary matter, the Court notes that Plaintiff Mercury Insurance Company of Georgia initiated the above-captioned case to interplead all named Defendants pursuant to Federal Rule of Civil Procedure 22. (Doc. 1.) Rule 22 provides that claims "that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). A party can move to interplead a case where they are an innocent stakeholder who claims no interest in an asset and are unclear as to the rightful owner. *In re Mandalay Shores Co-op. Hous. Ass'n Inc*, 21 F.3d 380, 383(11th Cir. 1994). Where the asset at issue "is a money judgment or the disposition of a sum or money or some other deliverable thing, a party-on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). The Court finds that Mercury insurance understands its obligation to pay $102,141.79 in insurance proceeds but was uncertain as to who those proceeds were owed. As a result, Plaintiff's interpleader action was appropriate. Since the relief sought was for a sum of money, depositing the money pursuant to Fed. R. Civ. 67(a) is also permitted.

(11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet this burden by presenting evidence showing there is no genuine dispute of material fact, or by demonstrating to the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than summarily deny the allegations or 'show that there is some metaphysical doubt as to the material facts.'" *Matsushita*, 475 U.S. at 586 (citations omitted). Instead, the nonmovant must point to record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form"). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and

determine whether that evidence could reasonably sustain a jury verdict in its favor. *See Celotex*, 477 U.S. at 322-23; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## II.   Local Rule 56

Local Rule 56 requires the following:

> The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. Hoveland filed a summary judgment motion with a statement of undisputed facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.[2] (Docs. 22, 24, 25.) The Joneses did not respond to the Hoveland's summary judgment motion or statement of facts as required even after receiving the Court's customary notice to do so. As a result, Hoveland's Statement of Material Facts are admitted as a result of the Joneses' failure to dispute those facts in accordance with Local Rule 56. [3]

---

[2] Although Hoveland has supplied the Court both with her written Motion for Summary Judgment and Statement of Material Facts, the Court does note that she did not fully comply with the Local Rules of this Court. All movants for summary judgment are instructed to "attach to a motion a separate and concise statement of material facts." M.D. Ga. L.R. 56. In this case, rather than attaching her Statement of Material Facts to her Motion for Summary Judgment, Hoveland filed her Statement of Materials Facts as a separate docket entry. Nevertheless, since Hoveland did supply the Court with a separate and concise Statement of Material Facts the Court will proceed.

[3] The Court is nevertheless required to make an independent review of the record before deciding the Hoveland's Motion for Summary Judgment. *See United States v. Delbridge*, No. 1:06-cv-110, 2008 WL 1869867, at *3 (M.D. Ga. Feb. 22, 2008) (WLS) (concluding that Eleventh Circuit precedent does not allow a district court to grant a summary judgment based on default). However, it must be noted that "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995).

Having established the applicable standards, the Court will now proceed with reviewing the merits of Hoveland's Motion.

## FACTUAL BACKGROUND[4]

The Joneses first obtained a fee-simple interest as joint tenants with a right of survivorship at 225 Virginia Circle, Cairo, Georgia (hereinafter referred to as "225 Virginia Circle") on November 23, 2009. (Doc. 24-1; Doc. 25 at ¶ 2.) To secure payment for the property at 225 Virginia Circle the Joneses received a loan from Hoveland. (Doc. 24; Doc. 24-3; Doc. 25 at ¶ 3.) In exchange for providing the Joneses with a loan, Hoveland received a note and security deed giving her a security interest in the Joneses' property at 225 Virginia Circle. (Doc. 24-3; Doc. 25 at ¶ 3.) Hoveland perfected her security interest on December 11, 2009 in the Office of the Clerk of Court for the Superior Court of Grady County, Georgia. (Doc. 24-3.) The Joneses purchased homeowners insurance from Mercury soon after buying their residence at 225 Virginia Circle. (Doc. 1 at ¶ 7.) The Homeowners Insurance Agreement named Hoveland as a mortgagee. (Doc. 20-1 at 1.) The Homeowners Insurance Agreement also stated that any loss payable under Mercury's insurance coverage for property dwellings or other structures would "be paid to the mortgagee and [the Joneses]". (Doc. 20-1 at 24.) On October 18, 2012, as a result of a fire that occurred, the Joneses' residence at 225 Virginia Circle was damaged. (Doc. 25 at ¶ 1.) The Joneses were delinquent several monthly installment payments to Hoveland at the time of the fire. (*Id.* at ¶ 4.) On October 22, 2012, after the fire, Hoveland's Counsel sent the Joneses a notice of delinquency and informed them that Hoveland had instructed her Counsel to proceed with foreclosure proceedings at 225 Virginia Circle if payment in full on the debt remaining, in the amount of $195,485.00, was not made. (Doc. 24-4 at 1-2.)

On December 3, 2012, after receiving a letter from Hoveland, the Joneses filed for Chapter 13 bankruptcy in the Middle District of Georgia. (Doc. 24-5.) At that time, the Joneses were four mortgage payments in arrears. (Doc. 24-6 at ¶ 9.) On April 2, 2013, after

---

[4] The following facts are derived from the Complaint (Doc. 1), Hoveland's Statement of Material Facts (Doc. 25), and the Record in this case. Where relevant, the factual summary also contains undisputed and disputed facts derived from the pleadings, the discovery and disclosure of materials on file, and any affidavits, all of which are construed in the light most favorable to the Joneses, as the nonmoving party. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

5

Hoveland filed a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. § 362(d), the parties filed a consent order subsequently entered by the Bankruptcy Court for the Middle District of Georgia that allowed Hoveland to proceed with any rights and remedies available to her. (Doc. 24-6.) After providing adequate advertisement, Hoveland proceeded with the non-judicial foreclosure sale of the property at 225 Virginia Circle, consistent with her prior notice to the Joneses. (Doc. 25 at ¶ 6.) On May 7, 2013, Hoveland purchased 225 Virginia Circle by foreclosure sale for $215,500. (Doc. 24-8; Doc. 25 at ¶ 7.) Thereafter, as a result of the fire damage at 225 Virginia Circle, Mercury issued a check to both Hoveland and Edward Jones in the amount of $102,141.79. (Doc. 1 at ¶ 12.) Mercury's check was sent back by Hoveland's Counsel. (Doc. 1 at ¶¶ 10, 12, 13, 14; Doc. 24-11.) Hoveland's Counsel also notified Mercury of a dispute between Hoveland and the Joneses regarding who should receive Mercury's check settling the claim for fire damages initially filed by Edward Jones. *Id.* On November 11, 2013, to resolve the dispute between the Joneses and Hoveland, Mercury initiated this case. (Doc. 1.)

## DISCUSSION

Hoveland's Motion raises a narrow issue: that is, whether she is entitled to the insurance proceeds provided by Mercury as a result of the October 18, 2012 fire at 225 Virginia Circle. Hoveland argues that as a secured mortgagee, designated in Mercury's insurance policy, she is entitled to all of the insurance proceeds since the Joneses were in default an amount more than those proceeds. Hoveland also asserts that her purchase of 225 Virginia Circle, after her Motion for Relief was granted and prior to any repairs being made, required her to make considerable repairs she would otherwise be uncompensated for without the insurance proceeds. Although Hoveland provides limited legal authority to support her assertions, she is correct that there is no issue of material fact as to whether she is entitled to the insurance proceeds resulting from the October 18, 2012 fire.

While the Joneses did not respond to Hoveland's Motion, the Court notes that Joneses' petition for Chapter 13 bankruptcy has no effect on the issues before the Court. As a general matter, property of a Chapter 13 bankruptcy estate consists of "all legal or equitable interests of the debtor as of the commencement of the case" including "any

interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the [bankruptcy petition]" and "proceeds, products, offsprings, rents, or profits of or from property of the estate." 11 U.S.C. §§ 541(a)(1), (a)(5), (a)(6). The bankruptcy code generally stays all other actions to obtain or exercise control over Chapter 13 estate property. 11 U.S.C. §§ 362(a)(3), (a)(6). However, a party can be granted relief from automatic stay for cause, which is determined based on the totality of the circumstances. 11 U.S.C. § 362(d)(1); *In re Jefferson Cty., Ala.*, 491 B.R. 277, 297 (N.D. Ala. 2013). Amongst other factors, most bankruptcy courts "balance the hardship to the creditor, if he is not allowed to proceed with his lawsuit, against the potential prejudice to the debtor, debtor's estate and other creditors." *In re R.J. Groover Constr., LLC.*, 411 B.R. 460, 464 (S.D. Ga. 2008)(citing *In re Carraway Methodist Health Sys.*, 355 B.R. 853, 854 (N.D. Ala. 2006)(enumerating other factors a court can consider is finding "cause").

Where a party's motion for relief from automatic stay is granted, that party can proceed with actions or proceedings related to the property. In Georgia, when a mortgagee is named as a loss payee as part of the insurance policy, insurance proceeds can substituted as an alternative source of payment for the insurance debt. *Balboa Life and Casualty, LLC, et al. v. Home Builders Fin., Inc.*, 697 S.E.2d 240, 242 (Ga. Ct. App. 2010)(citing *Calvert Fire Ins. Co. v. Environs Dev. Co.*, 601 F.2d 851, 856 (5th Cir. 1976)(diversity case applying Georgia Law). A mortgagee's claim to insurance proceeds, when considered a loss payee, cannot exceed the debt owed to the mortgagee. *Beasley v. Agricredit Acceptance Corp.*, 480 S.E.2d 257, 260 (Ga. Ct. App. 1997).

The Bankruptcy Court for the Middle District of Georgia's entry of the parties' consent order vacating the automatic stay of the property at 225 Virginia Circle permitted Hoveland to pursue all rights and remedies related to that property. (Doc. 24-6 at 6-7.) In this case, Hoveland moves the Court to grant her the $102,141.79 in insurance proceeds provided by Mercury. On October 18, 2012, the date of the fire damage at 225 Virginia Circle, the Joneses were four payments in arrears and had $195,485 in total debt owed to Hoveland. No payment to resolve the $195,485 owed to Hoveland has been made by the Joneses, or based on the record before the Court, from any other source. Mercury's initial attempt to tender the insurance proceeds to Edward Jones and Pamela Hoveland by check is

7

consistent with the mortgage clause included in the Homeowners Insurance Agreement with the Joneses listing Hoveland as the sole mortgagee and affirmatively stating any loss payable will be paid to the mortgagee and the insurer. (Doc. 20-1 at 24.) Since the unpaid debt owed to Hoveland by the Joneses is substantially more than the insurance proceeds, those proceeds in their entirety serve as an alternative source of payment for the Joneses' mortgage debt. *Balboa Life and Casualty, LLC.*, 697 S.E.2d at 242 (noting "insurance proceeds are an alternative source of payment on the mortgage debt" when a mortgagee is considered a loss payee). As a consequence, the Court finds that there is no genuine issue of material fact barring this Court from deciding that Hoveland is entitled to the $102,141.79 in insurance proceeds as a matter of law. Although the Joneses did not respond to Hoveland's Motion, after construing the record in a light most favorable to the Joneses, the Court finds no support to make a contrary finding. The Joneses' Answer to Mercury's Complaint for Interpleader misstates Hoveland's right to insurance proceeds under their policy with Mercury. (Doc. 11.) Hoveland was not merely referenced as a mortgagee like the Joneses argue. (Doc. 11 at ¶¶ 7, 8.) Instead, as supported by the Insurance Agreement and as aforementioned, the mortgage clause shows Mercury's manifest intent to include Hoveland as a loss payee with interest in the insurance proceeds. (Doc. 20-1 at 24.)

## **CONCLUSION**

For the aforementioned reasons, Hoveland's Motion for Summary Judgment is **GRANTED**. (Doc. 22.) Hoveland is accordingly declared the rightful owner of the policy proceeds at issue. Upon expiration of the period to appeal the judgment of the Court pursuant to Rule 4 of the Federal Rules of Appellate Procedure, Hoveland is hereby **ORDERED** to file a written motion moving the Court to direct the Clerk of Court to release the deposited insurance funds and any interest accrued.

**SO ORDERED**, this   28th   day of September, 2015.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**